## Chambers *versus* Harger.

1. A bond payable in current bank notes becomes payable *in money*, by a failure to deliver or tender at the day of payment; and if the amount be fixed there is no necessity for a writ of inquiry to liquidate it.

2. Judgment being entered, under warrant of attorney, on such a bond, which was payable in instalments, it was not necessary to issue a *scire facias* on a succession of breaches; such a bond is not within the purview of the 8 & 9 William III. ch. 2.

3. The times of payment of the instalments being stated in the entry of judgment, execution might issue without obtaining leave of Court. The Court in which the judgment was entered, has control over judgments entered on warrant of attorney, and if *payment* had been suggested, might have awarded an issue.

ERROR to the District Court of *Allegheny county.*

This was a case in which judgment was entered in the Court below, in favour of George Harger v. William Chambers, on a warrant of attorney. The condition in the bond to which the warrant was annexed was for payment of instalments *in current bank notes.* The judgment was confessed for $2200, to be released on the payment of one thousand one hundred dollars in current bank notes, as follows, viz.: $367 on 1st April, 1846; $367 on 1st April, 1847; and $367 on 1st April, 1848, without interest till due; with costs of suit, and release of errors, &c. The judgment was confessed by an attorney.

April 3, 1847.—Suggestion of breaches of conditions of bond filed, with statement showing a balance due on the first instalment, as of this date, $52.20, and also, second instalment, including

[*Chambers v. Harger.*]

interest, $367.12, making a balance due, as of this date, on 1st and 2d instalments, of $419.32.

April 6, 1848.—Further breaches suggested, and *fi. fa.* for balance claimed, as per statement filed, viz., $520.37. Interest calculated up to this date.

April 22, 1848.—Rule to show cause why defendant should not be let into a defence as to last instalment. May 13, rule discharged. August 17, 1850, writ of error filed. ·

It was assigned for error: 1. That no inquisition was held to assess the value of current bank notes. 2. That no copy of the bond was filed. 3. The instalments were collected as payable in coin. 4. No leave was asked of the Court to take out execution.

*Dunlop*, for the plaintiff in error.—On judgments at common law, on penal bills, damages were not inquirable into by inquisition, the defendant's relief from the penalty being only in Chancery: 1 *Watts* 63, 378. And bonds confessed on warrants of attorney on penal bills, are not within the statute of 8 and 9 Wm. III.; 1 *Tidd, Pr.* 511–12; 2 *Archb. Pr.* 26. Judgment by default, &c., on bail-bonds and replevin-bonds, and petitioning creditors' bond to the chancellor, are not within the statute 8 & 9 Wm. III., because the relief on them is provided for by statutes: 1 *Tidds Pr.* 511; 2 *Archb. Pr.* 41, § 3. Judgments by default, &c., on *common money bonds*, are not within the statute 8 & 9 Wm. III. But judgment on a bill of exchange for foreign money, is within it: 5 *T. R.* 87. And on a foreign judgment, 4 *T. R.* 493; 2 *Archb. Pr.* 32, § 3. Then what remedy has the party with us? The plaintiff should apply to the Court for leave to take out execution. It is defendant's only protection: 1 *Watts* · 63, Longstreth *v.* Cook; 2 *Bin.*, Sparks *v.* Garrigues; 4 *W. & S.*, Oniel *v.* Oniel; 1 *Penna. Rep.* 460.

*Mellon*, contrà.

The opinion of the Court was delivered, Sept. 8, 1851, by

GIBSON, C. J.—A bond or note payable in property at a stipulated price or the market value, becomes payable in money by a failure to deliver or tender at the day. To pay in property is a privilege that may be waived; and when it is not claimed at the proper time, the debtor has made his election. The bond in this case was originally payable in current bank notes; and though they were not a legal tender, the judgment which was entered on it became a security exclusively for money; and as the amount was fixed, there was no need of a writ of inquiry to liquidate it. The principle is settled by Roberts *v.* Beatty, 2 *Penn. Rep.* 68–9, and the cases there quoted.

Neither was there need of a *scire facias* on a suggestion of

[Chambers v. Harger.]

breaches, a judgment on bond and warrant for money payable by instalments, not being within the purview of the 8 & 9 W. 3, c. 2, as was shown in Longstreth v. Gray, 1 *Watts* 63; Austerbury v. Morgan, 2 *Taunt.* 195; and Kinnersly v. Mussen, 5 *Taunt.* 264. In Cox v. Rodbard, 3 *Taunt.* 75, Sir James Mansfield said that a judgment on a warrant is not within the mischief intended to be remedied by that statute, which was to preclude the necessity of going into equity for relief against a judgment for an entire penalty forfeited at law for the slightest breach of a covenant; but that the common law courts had always exercised equitable jurisdiction over their own judgments when entered on warrant of attorney. Had it however not been for the specific terms of the confession, in the present case, fixing particular days for payment of the instalments respectively, it would have been necessary to move the court to issue execution for them as they fell due. There was, however, no suggestion of payment below, nor is there here. Had there been, the Common Pleas would have relieved the defendant by suspending the judgment and awarding a collateral issue. He did not call for such a measure there, and he shall not call for it here.

Judgment affirmed.